SUMMARY ORDER
Marinel and Anuca Ambrus, through counsel, petition for review of the BIA’s decision affirming an immigration judge’s *181 (“IJ’s”) denial of his applications for asylum and withholding of removal. We presume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews de novo whether this presumption was rebutted by a finding of changed country conditions to the extent that this question involves the application of law to fact, and for substantial evidence to the extent that it involves a question of fact. See Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 146 (2d Cir.2003); Zhou Yun Zhang v. U.S. INS, 386 F.3d 66, 73 (2d Cir.2004); 8 U.S.C. § 1252(b)(4)(B).
Having described being repeatedly beaten by Serbian authorities for two days and then being denied medical treatment, Marinel was found to have suffered past persecution on account of his membership in a particular social group of individuals who refuse to serve in the Serbian military. He was thus entitled to a presumption of a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(1). However, the IJ found that this presumption was rebutted by the following sentence in the 2002 country report: “An amnesty law passed on February 26, has permitted the return of many persons who left the country to avoid military service during the recent conflicts.” Although the amnesty law is in existence, there is no evidence regarding whether it is enforced evenhandedly or whether it is enforced at all. The 2002 country report in evidence demonstrates that minority ethnicities in Serbia still suffer from discrimination, which might very well translate to a failure to apply the amnesty law to Marinel, who is a member of the Romanian ethnic minority. The burden of proof to rebut a presumption of well-founded fear by changed country conditions is on the government, and no reasonable factfinder could have concluded that the government here carried this burden by presenting one sentence of information that did not directly address the specific threat Marinel presumptively faces. See 8 C.F.R. § 1208.13(b)(l)(ii).
For the foregoing reasons, the petition for review is GRANTED, the BIA’s order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).